UNITED STATES of America, Plaintiff,

v.

Stephen Leon WILLIAMS, Defendant.

No. CR–2–81–28.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 5, 1981.

Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Robert Montgomery, Jr., Kingsport, Tenn., for defendant.

## MEMORANDUM AND ORDER

NEESE, District Judge.

The defendant Mr. Stephen Leon Williams was brought before this Court on a writ of habeas corpus *ad prosequendum* of the defendant issued to the sheriff of Hawkins County, Tennessee for proceedings herein. After his delivery to this Court, he pleaded guilty to certain counts of the indictment herein. While further proceedings against the defendant pended a presentence investigation and report, a writ of habeas corpus *ad prosequendum* of the defendant was issued by the Honorable James E. Beckner, Judge, to the marshal of this district, for the prosecution of the defendant in the Criminal Court of Hawkins County, Tennessee. Thereafter, the latter writ ordered such sheriff to return the defendant, " * * * under safe and secure conduct [and] to redeliver him to the *marshal*, of the Eastern District of Tennessee. * * * "

It was reported to the Court by the United States attorney of this District that it was the judgment of the Criminal Court of Hawkins County, Tennessee that the defendant was convicted of murder in the first degree; that he was sentenced to death by electrocution in the Tennessee state penitentiary, Nashville, Tennessee; that he was transported to such institution on the order of Judge Beckner; and that he is now incarcerated on its "death-row". This absence of the defendant prevented this Court from conducting sentencing proceedings involving the defendant which had been assigned for October 30, 1981.

It was reported further, on the information from an assistant district attorney of the 20th judicial circuit of Tennessee, that the defendant's credibility as a witness in such state Court had been impeached by evidence of his earlier conviction in this Court. This is contradicted by information the undersigned judge of this Court received directly from the aforenamed Judge Beckner, to the effect that the defendant had not testified in such Court of the state either during trial or in sentencing proceedings subsequent thereto.

The United States attorney moved the Court to reassign a date for the sentencing of the defendant herein; for the issuance of the writ of habeas corpus *ad prosequendum* to the warden of the aforenamed institution; for the enforcement of the aforementioned writ of Judge Beckner; for a "subsequent release order by the State Judge"; or other relief. This action will be reassigned for a sentencing proceeding in this Court, Northern Division, Knoxville, Tennessee, on Monday, November 9, 1981, at 10:00 o'clock, in the forenoon or as soon as the matter is reached.

With due regard to the convenience of the defendant, his safe conduct, and the prompt administration of justice, in its discretion, the Court fixes such Northern Division within this District as the place of such proceedings, Rule 18, Federal Rules of Criminal Procedure.

The motion is hereby DENIED otherwise: this Court has neither the power nor the inclination to order any "subsequent release order" by Judge Beckner and no jurisdiction to "enforce" the plain provisions of his aforesaid writ. An additional writ of habeas corpus *ad prosequendum* of the defendant is redundant: this Court is confident, now that he has become aware that there has not been full compliance with his writ of October 10, 1981, that Judge Beckner will take appropriate action to assure the presence of the defendant before this Court at the time assigned.